Good morning, may it please the court. My name is Seth Reskill and I represent the petitioner Kiet Nguyen. Your Honor, the issue in this case is whether my client was deprived of due process because of the ineffective assistance of his counsel in abandoning a cat claim and failing to allow the petitioner to testify at his own evidentiary hearing. Your Honor, the court does have jurisdiction to entertain this matter. This court does have the jurisdiction to entertain colorable constitutional claims and questions of law. Ineffective assistance of counsel has in this circuit been deemed to be a denial of due process and that was set forth in Rodriguez-Larez v. INS. I would like to point out, and there's an issue here that's the gorilla in the courtroom, and that's the brief that's referring to my brief that's referring to the application withholding of removal. I have not set forth anything for the court, but I have reviewed obviously Respondent's brief and I do not believe that this court has jurisdiction under the INA for review of the withholding application because my client is an aggravated felony or has been convicted of an aggravated felony. So I'm not going in that direction. I'm not providing any claim with respect to that. I believe that there is a jurisdiction stripping under the INA that the Respondent's counsel is correct that What was his conviction for? It was a crime of violence. I believe it was like a battery, an aggravated battery. How long was he incarcerated? He had a sentence of a year at least. I do believe that one the Was that a particularly serious crime? No, the judge found that he was eligible for withholding and found that it was not a particularly serious crime. That issue I would acknowledge was waived as far as the notice to appear. The Respondent to counsel acknowledged that he had been convicted of an aggravated felony under 101 A43G. So I am limiting my argument to the claims of ineffective assistance of counsel with respect to at least clearly the waiver of the cat claim and subsequently. Okay, so you're backing away from your argument in the brief on this point. I am your honor. I do believe that the court does not have jurisdiction to entertain. That's based on the statute, not on our case law. You have the right to review a cat claim. The issue here though is that the Respondent had waived his cat claim on appeal. So the court doesn't have jurisdiction on reviewing a cat claim that was not heard on appeal. So in your view the only thing in front of us is the IAC claim? In your view the only thing. I'm sorry. I don't know the jarred. The ineffective assistance of counsel claim. Yeah. Yes, Your Honor. Let me ask about the cat claim. Given the lack of evidence supporting the petitioner's cat claim, how can we show, and this goes to your ineffective assistance of counsel, how it was prejudiced by his former attorney's failure to raise the cat claim before the DIA? Well, I think the issues do go a little bit hand-in-hand and that the petitioner was deprived of an opportunity to testify. I believe that he may have had evidence or testimony to reflect what had happened to him at the re-education camps. The record was stated that the petitioner had been subjected to lack of food in the re-education camps. The re-education camps are also sleep deprivation and possibly that there was forced labor. The petitioner in that situation would argue that that would constitute torture. But again, I do think that the issue that he'd be given the right to argue the cat claim, he was deprived of that opportunity on appeal and there is a presumption of prejudice if there is a denial of the appellate proceedings on the issue of the cat claim. So I would ask this court to consider that on its face that there was a ineffective assistance of counsel that deprived the petitioner of the proper appellate proceedings with respect to his cat claim. But not with respect to withholding? I thought, as I read your briefs, that your primary argument for withholding was that the petitioner suffered past persecution, but he and his family spent those two years in the camp and were deprived of food and other liberties. Is that, you have abandoned that claim? Your Honor, I'm not arguing that there was ineffective assistance. I did not argue that there was ineffective assistance of counsel on the merits of the withholding claim. That was not argued and the argument that petitioner was sought review of the board's determination vacating the immigration judge's decision on the withholding because he's an aggravated felony or he has been convicted of an aggravated felony limits this court's jurisdiction on the withholding. So our arguments would reflect, as previously noted, the ineffective assistance. The jurisdictional statute you're relying on is 1252A2C, is that it? Yes, Your Honor. I thought we, well, I don't know. I'll have to check our case law, but I thought we had said that that even in Morales that we said that we had jurisdiction in this context to review a withholding claim, not an asylum claim, but withholding. Then I'm not aware, Your Honor. I wasn't able to find any case law. You know, it's apparent from a couple of things that you've said. For example, IAC and you weren't familiar with the jargon and so on. You may be. I'm not in a position now to know this. But we're hearing now for the first time orally a concession that you don't make in the brief. I've never been quite to this position before, but what I want to say is if we determine by our independent research into this question that you are wrong in your concession, do you still wish to make it? No. In other words, what I want to have here is I don't want you conceding something that you don't need to concede. And I'm not sure as I sit here whether you need to concede it. So I want to make sure you've got a chance to decide what you want, what you wish to concede or not. Do you wish to save the possibility that you might have been right in your brief? Obviously, Your Honor. Yes, I would like to do that. Okay. I just, that was my looking. And I do apologize for putting the court in this position. No, that's okay. Now, as to IAC, as to an effective assistance of counsel, you're obviously arguing with respect to the Catt claim. Even if the decision on withholding a removal is not appealable to us, which may or may not be true, you, of course, still have the possibility of an IAC, an effective assistance of counsel claim with respect to that. That is to say, you could argue that because of the ineffective assistance of counsel in arguing withholding a removal, the IJ reached the decision he or she otherwise would not have reached. Do you have an IAC claim with respect to withholding, what happened during withholding a removal, that part of the case? Your Honor, yes. Again, maybe it's getting convoluted or combined. I was maybe trying to be specific. Let me answer your question. I apologize. There is an argument of the failure to allow the petitioner to testify at his own merits hearing. With respect to withholding a removal? With respect to the whole hearing, yes. The IJ's decision was essentially, excuse me, while the IJ granted the withholding application, the BIA reversed and remanded. And it was the BIA that stated initially in reviewing the case that, you know, look on its face here, the petitioner didn't testify. That in and of itself would justify a remand. So although the BIA acknowledged the BIA did look at the merits of the record and drew its own conclusion based on the record, I think that the fact that the petitioner did not testify, I would say on its face, is a fundamental due process violation. And it did prejudice the whole case. It prejudiced the appeal. Now, with respect to any ineffective assistance to counsel claim, you need to comply with matter of Lozada. What have you done to comply with matter of Lozada? Your Honor, the requirements under Lozada are that the petitioner provide an epidavit, that he notify counsel of the complaint and that or the impugning of the ineffectiveness, excuse me, the notifying of the ineffectiveness and stating whether or not a bar complaint had been filed and if not, why not. So in this case, the petitioner filed a bar complaint with the State Bar of California. The BIA was not impressed with that because it was not a sworn affidavit. The BIA wasn't impressed with the fact that the notice to the attorney wasn't showed. But if it's a bar complaint to the State Bar of California, the attorney whose ineffectiveness is being challenged would get notice of the bar complaint by the State Bar of California. So I think that that's an issue. I do think that the petitioner substantially complied with the requirements of matter of Lozada. And this circuit states that strict adherence to the Lozada requirements are not required, especially when the ineffectiveness is on the face of the administrative record. And the fact that the BIA has issued a decision stating that, the petitioner didn't testify that by itself would constitute a reversal. And in the notation of the BIA's order, excuse me, I believe it was the August 10, 2005 order, the BIA notes that there was no reference to the cat claim with respect to, after it was, after the case went back on appeal, after the BIA required that the immigration judge issue a removal order, after the BIA reversed the withholding of removal, the BIA noted that there's no reference to any argument as to the cat claim, and therefore it deemed it abandoned. And they put that in its notation, that no argument by the immigration judge or the petitioner's counsel. Now, you're over time. Let's hear from the government, and then we'll give you a minute to respond. Thank you. May it please the Court. My name is Jeffrey Leist, appearing on behalf of the Respondent. Regarding the petitioner's ineffective assistance of counsel claim, it's actually two separate claims. There's the one claim against his original trial attorney, I believe his name was John Carrico or something to that effect. And that claim addresses his, the fact that he did not testify. Initially, there's no evidence in the record that he was not allowed to testify. Originally, he was on the witness list for hearings leading up to his eventual hearing, but there's no evidence that he was, there was any agreement whatsoever with the counsel that he would testify, or that he was in any way deprived of his right to testify. The mere fact that his attorney's strategy of having other people testify on his behalf may have eventually backfired somewhat, doesn't mean that his counsel is ineffective. In this case, the immigration judge found that even absent the petitioner's testimony, there was enough evidence in the record from background information, from the three people who did testify on his behalf to address the case on the merits, and eventually granted that case. The board, while they do note that it would be enough for them to remand the case, merely because he didn't testify and didn't swear to his application, they go through the entire merits of the case before overruling the immigration judge's decision. Well, that's a problem. Just on that point, there are some board decisions that make a big deal of the fact that an alien who's seeking asylum or withholding or whatever needs to at least testify to verify the contents of the application. Right. So the board notes that, and they could have, if they wished to, on that ground alone decided to send the case back and deny the case. And whose error is it that he didn't testify? Doesn't the I.J. have an obligation? I mean, he's sitting right there. The I.J. knows that he has to testify. There's clear law to that effect, both from BIA and from us. Who made the error? Shouldn't the I.J. have said, come up here and testify? The I.J. has some obligation to develop the record. I believe so. Obviously, that would have ameliorated the situation to a certain extent. But I don't see how it would entirely ameliorate the situation to the degree the problem is that he didn't testify. Right. But at the same time, he wasn't found, you know, credible based on his application, on the merits of his case. I mean, the immigration judge, even though he didn't testify, goes through the entire merits of his case before ultimately granting relief. The board, even though they could have, if they had wished to, remanded the case based only on his failure to testify, looks at the merits of the case. So there's no prejudice against the alien in this case. It's that he's actually gotten the case. Well, but the board seemed to hold, you know, the fact that he didn't testify seemed to be significant to the board. They definitely noted, sure. But at the same time, I mean, the fact that it could have been background alone, they go through the minutes before the board. It's a pretty lengthy case. And so if the I.J. had said, well, you didn't testify, I mean, if the situation had been a little bit different at the hearing and the I.J. had made a big deal about the fact that he hadn't testified, he could have said, well, I want to testify. Right. Let me testify. I'll make it clear about what happened to me. And the board, in turn, when it gets to the board, they say, oh, he didn't testify. And then they go and they, from my perspective when I read it, it looks as though that was of note to them in their assessment of this case when they looked at the record. It's definitely of note, but I think that that wasn't the focal point of things, is that, I mean, the fact that he didn't testify, there's no evidence that that actually did impact his case negatively. There's been no evidence put forth, no declaration as to what he would have testified to, nothing in terms of there was a lot of compliance to this particular claim that would in any way indicate that even if he had testified, the case would have come out differently. I mean, the board does note that in their decision, that, yes, you know, hey, this is an issue that we think is a little bit tricky, but they say, you know, since the I.J. addressed the merits, we'll address the merits. So he's actually gotten, you know, he's gotten the bite of the apple that he was entitled to. Counsel, your brief on withholding failed to address the merits of the petitioner's withholding claim. What is your position regarding whether the petitioner suffered past persecution or has a well-founded fear? That's correct. We didn't address that in our brief. To the amount that I'm limited to actually discuss things that aren't in our brief, the board's August 10, 2005 decision pretty much sums up the reasons why. The harm that he suffered was in the 1970s. It wasn't based on anything that he had actually done. It was his father and brother's service in the military. His family resided in Vietnam. His father did up until his death in 86. His family still lives in Vietnam. He's gone back to Vietnam several times. His brother's gone back to Vietnam several times. There's just no evidence that if he was returned to Vietnam that he would suffer any further harm. Well, that's simply not right. There is evidence that people who go back as visitors are treated differently from people who go back as permanent residents. Right, but there's no evidence. And you can attach a different weight to it, but you can't say there's no evidence. Well, his brother did testify that, but he's also testified that he has no firsthand information regarding that. And the State Department report does state that, you know, over 75,000 people who left post-Vietnam War had been repatriated into the country.  But we also have evidence, I believe, from the State Department report, that with respect to certain people who go back not as tourists but rather as permanent residents, they are treated badly. Isn't that right? There was some, I believe, a couple of sentences in there that if the applicant himself or one of his relatives had been like a high-ranking South Vietnamese official, then they may be treated differently. However, the fact of the matter is that his father and his brother, both of whom were actually in the military, his brother's gone back with no problems. His father lived there until 86. So, I mean, he suffered, even though he was already in Vietnam, it doesn't really, I don't understand how if your father who's there is having no problems, why if you come back you would get a problem. The record doesn't indicate why that would be the case. The second ineffective assessment. That may go, and I understand that point, and I think it's a valid point, but that may go to changed conditions. Right. Rather than whether or not what he suffered was sufficient to rise to the level. Right. I mean, the board addresses both aspects of it. They find that the harm back then was deplorable, but it wasn't persecution. They also find that it's been a change in conditions in the last 30 years. So the board makes both findings in that case. The second ineffective assistance claim is against the second attorney, I believe it was the second attorney, who didn't address the cat issue on one of the appeals either the immigration judge, I believe it was. It should be noted that the petitioner hasn't complied with Lazada for either of these claims. And moreover, even if we were to assume compliance, there's been no prejudice. In this case, the immigration judge, while granting and withholding, denied the cat claim. Didn't really flesh it out, but the IJ denied it. And when the petitioner raises the issue to the board saying, you know, hey, it was ineffective assistance for not raising it the second time around, the board essentially goes through an entire cat analysis before ultimately deciding that, you know, even if you had raised it, it wouldn't have been sufficient. So in this case, I mean, they say no evidence you were tortured at all in the past, insufficient evidence that if you returned, you would be tortured. So there's no prejudice from the fact that his attorney didn't raise it, because the board, in the end, basically addresses the issue head on and says, here's why we don't find this would have been a valid claim even if it had been raised. Let me ask, switch this just a moment. Sure. Do you agree with Mr. Rescoe that we lack jurisdiction to review the withholding claim? I mean, that was what we were. Under our case law? According to our case law, I believe that even if you are an aggravated felon, there still is review for withholding. I believe that our argument that there was no jurisdiction was an error on that point. The case law actually does say that even if you're an aggravated felon, if the IJ looks at the case on the merits, if the IJ denies your relief because of your conviction, that's one thing. But if they actually address the case on the merits, then the court does have jurisdiction. So we would say that we were in the wrong in that argument. You wouldn't agree, and you would not agree with Petitioner's view. Right. Well, I can erase the bottom right now for who was less right, I guess. But, yes. Good. So I was beginning to wonder if I understood my law. If there are no further questions. Well, I'm trying to figure out what we're supposed to do here. Assuming, then, that we have jurisdiction, I'm tempted simply to remand this case with instructions to the BIA to remand to the IJ to let the guy testify, and then we go from there. What would be wrong with that? There's been no evidence that his testimony would actually affect the proceedings. Well, if that's true, then why did the BIA insist on it? Insist on? On his testimony. Because they found that there was enough evidence in the record aside from his testimony to decide the case. I think the case, it's more, the Board has the regulation in place, I believe, to kind of avoid issues down the road. A petitioner could say, oh, I never swore to this, therefore I can't be held to it. I don't think it's necessarily that they demand you testify in support of this case. Does that mean, then, that we're able to overlook that error and to evaluate the evidence as it is in the record without remanding it to take his testimony, and if we disagree with the BIA, simply to reverse? That is my understanding, that if you find that it was error for him not to be allowed to testify, in a sense, if the Board's handling of the ineffective assistance claim was incorrect, then sure, you can remand for that. But the Board, in a sense, I mean, their rationale is that you didn't comply with WZADA, and we don't think it was an issue because, you know, the fact that you didn't testify, other people did testify. I think they were focusing not on, like, a bare-bones threshold, like, you didn't swear to it, therefore you're not entitled to it. Because your time's running, I want to, excuse me for interrupting, but what I want to say, then, is if we decide we don't need to remand to the IJ, to the BIA to remand to the IJ for taking of his testimony, we can just take the testimony and the evidence as it exists, as the BIA did. And if we, looking at that evidence, disagree with the BIA as a legal consequence of that, that's the end of it, then. We just say, listen, we disagree. This was past persecution. Yes. And we're entitled to do that, assuming that we disagree on that ground. Correct. If the Court finds that the Board's ultimate conclusion, that he did not suffer past persecution and did not have future persecution, that kind of cures the ills of any kind of ineffective assistance claim that there may have been. Right. Okay. And the fact that he didn't testify then just washes away, in your view, we don't need to send back for that? That's correct. Okay. Let me just clarify what you just said. If we find that there is evidence of past persecution, then there is a presumption of future persecution. And are you just saying the government doesn't wish to try to rebut that presumption? Well, the Board's decision does address both past and future persecution. So they address the past persecution relating to the family getting sent to the camp and that issue, as well as the fact that since that issue took place or that event took place, there's been a change in country conditions. You know, I just reread the B.A. decision. They don't quite say changed country conditions. What they say is there was, in their view, insufficient evidence that people who return as permanent residents are persecuted. Right. They don't say changed country conditions. Well, no. They didn't find past persecution. So they never put into place the rebuttable presumption. Presumption. That's my question. So if we find past persecution, the rebuttable presumption has not been dealt with, and the government, I take it, doesn't care to try to rebut that presumption? Well, I think that the presumption's been rebutted by the fact that there have been, in the last 30 years, changes which have undercut his fear of future persecution. The fact that his family has remained there for, you know, the past 30 years unharmed. The fact that- Your answer is that you have already, in your mind, even though they didn't, the lower court didn't find, the B.I.A. didn't find past persecution, you've already rebutted it if we find there was past persecution. You've already had the opportunity so we could just simply reverse if we found that to be true. You seem to agree with Judge Fletcher on that. And a remand would not be necessary. Am I understanding you correctly? I believe so. I'm just kind of, kind of, it's been working around in my mind now, getting confused. The board never addressed the alternative argument that the petitioner established, had established, past persecution. Right. They have never even gotten to the point of whether it's a rebuttable presumption. So I would argue that if you find there was past persecution, it would have to go back to give the board the opportunity to, you know, explicitly state that it has been rebutted by DHS in this case. I thought you just argued the contrary. Are you changing your argument? That's what I thought. I believe my second argument is the correct one. Because there's no explicit, because the board never actually made a finding of past persecution, they never even got to whether or not it was a rebuttable presumption. So if the court overrules that, I would say then, yes, they must remand back to the board to determine definitively whether or not it's been rebutted, the presumption has been rebutted. And that's your final answer? I believe so. Thank you. Thank you. Thank you. Would you like a minute? No, I would ask, under these circumstances, again, I apologize. And the issue I would like to raise is whether the court would accept a letter be subsequent to the oral argument to just clarify the jurisdictional issue. At this point, I would not submit anything absent a request from us. Okay. Thank you. Thank you. Okay. Well, that was an interesting argument. Nguyen versus Mukasey now submitted or Holder now submitted for decision.
judges: Nelson D. W., Fletcher W. , Paez